UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHNNY HAYGOOD, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-cv-1569 (JCH) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | JANUARY 23, 2007 |

**RULING RE: PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 1]**

The petitioner, Johnny Haygood, brings this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Haygood is currently serving a 210 months period of incarceration as a result of pleading guilty to one count of being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He claims that his court-appointed trial counsel, Frank J. Riccio II, rendered ineffective assistance of counsel in three respects: 1) failing to explain the interstate commerce element of the charge to which Haygood plead; 2) failing to argue that the evidence used to convict him was obtained pursuant to a warrantless search; and 3) failing to challenge the existence of an alleged drug buy involving Haygood that supported the search warrant for his home. Haygood also brings as a fourth claim that his conviction was obtained by use of a coerced confession.

For the following reasons, Haygood's motion is DENIED.

**I.     STANDARD OF REVIEW**

"Because requests for habeas corpus relief are in tension with society's strong

interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted).

## II.     BACKGROUND

### A.     Relevant Facts

On September 1, 2003, Bridgeport Police Officers Keith Ruffin and John Andrews, of the Tactical Narcotics Team ("TNT"), directed a confidential informant ("CI") to make a crack cocaine purchase from an individual named "John New York" ("John") at John's residence.  According to the CI, John used the residence, located at 275 Jefferson Street in Bridgeport, to sell ten dollar bags of crack cocaine.  When the CI attempted to meet John at 275 Jefferson Street, John approached the CI at some point away from the residence.  John and the CI proceeded to conduct the purchase away from John's residence and beyond the view of the surveillance officers, who had positioned themselves to observe 275 Jefferson Street.  TNT officers made no further attempts to use the CI to purchase drugs from John or at 275 Jefferson Street.

On September 25, 2003, at approximately 9:45 p.m., TNT officers observed Haygood in a drug transaction involving two other individuals.  When the officers attempted to arrest Haygood, he ran away.  Several officers, including Ruffin, pursued

2

Haygood.  Ruffin managed to grab Haygood by his jacket, but the jacket came off in the road.  Other uniformed officers eventually apprehended Haygood.

After Haygood's coat came off, and while other officers were still in pursuit, TNT Officer Sean Ronan observed an individual named Terrence Police pick up Haygood's discarded jacket from the intersection and begin turning the sleeves inside out.  Ronan then detained Mr. Police and recovered the jacket from him.  Inside one of the jacket pockets, Ronan found a leather pouch containing 28 small ziplock bags with orange basketball emblems on them, each containing suspected crack cocaine.

Sometime after Haygood had been arrested, the CI from the September 1, 2003 controlled purchase approached Ruffin.  The CI advised Ruffin that Haygood was the "John" from whom the CI had purchased drugs on September 1, 2003.  The CI further informed Ruffin that he had spoken with Haygood that day, and that Haygood had told the CI that he had just gone to New York to purchase a supply of drugs.  Haygood also allegedly told the CI that he had drugs in his apartment, which was located on the second floor of 275 Jefferson Street.  Next, the CI pointed out a Mitsubishi Gallant that he claimed belonged to Haygood.

Once Haygood had been taken to the police station, he was asked several questions prior to being given any Miranda warnings.  With respect to Haygood's address, after a series of questions directed at overcoming his initial resistance to the inquiry, Haygood stated that he lived at 275 Jefferson Street on the left side of the second floor.  The officers also questioned Haygood about the Mitsubishi Gallant that the CI identified as Haygood's car.  Haygood stated that he had borrowed the Gallant from his uncle.

3

Later on the evening of Haygood's arrest, officers went to 275 Jefferson Street to confirm the location of Haygood's apartment.  A tenant at 275 Jefferson Street told the officers that Haygood lived on the second floor in the far left hand side apartment.  The tenant also pointed out Haygood's apartment to the officers.  When the officers knocked on the door the tenant identified as Haygood's door, no one answered.

In addition to visiting 275 Jefferson Street, Officer Ruffin reviewed the police report filed for the September 1, 2003 controlled purchase from John New York.  The report noted that crack cocaine that the CI purchased from John was packaged in ziplock baggies with orange emblems.

On September 26, 2003, Connecticut Superior Court Judge Owen signed a search warrant for Haygood's apartment at 275 Jefferson Street.  Officers executed a search of that apartment shortly thereafter.  Among other things, the officers located a fully loaded Defender, H & R Arms .38 caliber revolver in a dresser drawer.  The officers also found numerous items of identification and mail in Haygood's name.

Following the search of Haygood's apartment, Bridgeport Police Detectives Santiago Llanos and Sanford Dowling interviewed Haygood.  Haygood executed a written waiver of his Miranda rights and signed a statement regarding the firearm seized from his residence.  In his statement, Haygood claimed that he needed the firearm for protection from another drug dealer.

**B.     Procedural History**

A federal grand jury in Bridgeport returned a three count indictment against Haygood on March 3, 2004.  Count One of the indictment charged Haygood being a previously convicted felon in knowing possession of a firearm, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(e).  This count was based on the firearm seized from Haygood's

purported apartment on September 26, 2003.

On October 19, 2004, Haygood filed a motion to suppress the physical evidence

seized from his residence.  This court denied the motion.  On November 17, 2004,

Haygood filed a motion to compel the disclosure of the identity of the confidential

informant used in the search warrant affidavit.  Haygood filed an additional motion on

December 14, 2004, to suppress the physical evidence obtained from his apartment

based on the theory that the confidential informant did not exist.  The district court

denied these motions as well.

In mid-January, Haygood entered a plea of guilty to Count One.  Haygood

expressly reserved his right to challenge the district court's denials of his motions to

suppress and compel.  On May 2, 2005, this court sentenced Haygood to 210 months

of imprisonment and five years of supervised release.  On May 4, 2005, Haygood filed

a notice of appeal challenging the court's denial of his motion to suppress based on an

alleged Miranda violation.  The Court of Appeals affirmed Haygood's conviction by

summary order on December 9, 2005.  United States v. Haygood, No. 05-2365 (2d Cir.

2005).

III.    DISCUSSION

A.      Ineffective Assistance of Trial Counsel Claims

To prevail on his claims that Attorney Riccio rendered ineffective assistance of

trial counsel, Haygood must satisfy the two-part test set out by the Supreme Court in

Strickland v. Washington. 466 U.S. 668 (1984).  Under Strickland, the petitioner must

first show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. Second, the petitioner must show that counsel's deficient performance caused prejudice to the petitioner. Id. at 694.

1.     Interstate Commerce Element of Felon-In-Possession Charge

Haygood's first claim appears to be that his trial attorney did not inform him that, in order to be found guilty of the felon-in-possession charge, the government had to prove that the weapon in question had been shipped or transported in interstate commerce.[1]  See 18 U.S.C. § 922(g)(1).  First, it bears noting that Haygood signed a plea agreement listing transport or shipment in interstate commerce as an element of the offense.  Haygood was also orally advised of this element during the change of plea proceeding.  Second, and perhaps more importantly, Section 922 does not require that a defendant have any knowledge of the fact that the relevant firearm traveled in interstate commerce.  See id.  Therefore, Riccio's failure to explain this element seems of little moment.  Based on these reasons, the court finds that Attorney Ricchio's alleged failure to inform Haygood of the interstate commerce element of his charge did not fall below an objective standard of reasonableness.

Moreover, Haygood is unable to demonstrate that Ricchio's performance in this regard prejudiced him.  In order to satisfy the interstate commerce element of section 922(g), "the prosecution need only make the *de minimis* showing that the possessed

---

[1]Another interpretation of Haygood's claim is that counsel failed to advise him that a required element of the felon-in-possession charge is that the firearm at issue was in Connecticut illegally. See Petition at 5, ¶ A ("My lawyer did not let me know that at trial the government had to prove the firearm was in Connecticut illegal (sic) or not legally supposed to be there.")  Given that whether the firearm at issue was unlawfully in the state is not an element of the felon-in-possession charge, counsel can hardly be considered ineffective for failing to inform Haygood that it was an element.

firearm previously traveled in interstate commerce." United States v. Palozie, 166 F.3d 502, 505 (2d Cir. 1999).  The prosecution can meet this burden simply by showing "that the firearm allegedly possessed or received by the defendant had at some point previously traveled across a state line." United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994) (quotations omitted).  As Haygood has not provided this court with evidence challenging the government's proffer that the firearm and ammunition in question were manufactured outside of Connecticut, there is no basis for the court to conclude that, had Ricchio informed Haygood of the interstate commerce element, there was any possibility that the result of Haygood's plea bargain would have been different.

### 2.   Warrantless Search of Haygood's Residence

In his second claim for relief, Haygood argues that his attorney was ineffective for declining to assert that the Bridgeport police only learned enough information to make out a warrant for his arrest by conducting a warrantless search of his residence prior to seeking the search warrant.  Haygood has not presented a factual basis for his claim, and nothing in the record suggests that this alleged warrantless search occurred. The court therefore finds that Ricchio's performance was not ineffective under Strickland for declining to pursue a challenge only supported by Haygood's uncorroborated speculation.

### 3.   Failure to Litigate September 1, 2003 Controlled Purchase[2]

Haygood next asserts that Attorney Riccio improperly litigated his suppression

---

[2] In his original Petition, Haygood appeared to base his third claim for relief on the grounds that counsel was ineffective for failing to appeal this court's ruling denying Haygood's motion for the government to disclose the identity of the CI.  See Petition at 5, ¶ C.  However, Haygood shifts course in his Reply to assert the issue addressed above.  See Reply at 1.  The court, therefore, will address Haygood's claim as articulated in his Reply.

issues before the district court because Attorney Riccio did not challenge the fact that

Haygood was not involved in the alleged September 1, 2003 controlled purchase

between the CI and "John 'New York.'"  According to Haygood, the CI's identification of

Haygood as a result of the September 1, 2003 incident was indispensable to the finding

of probable cause upon which the state court issued a search warrant for his home.

The court disagrees.

Even without the CI's identification of Haygood as "John" from the September 1,

2003 incident, the CI still identified the specific location of Haygood's residence as the

second floor of 275 Jefferson Street.  A tenant from the same apartment verified this

location as Haygood's residence, as well as the fact that Haygood's apartment on the

second floor was to the far left.  The CI also identified the Mitsubishi Gallant that

Haygood admitted to having borrowed from his uncle.  Further, the CI stated that

Haygood admitted to selling drugs in his home and had just gone to New York for

additional drugs.  Also, Ruffin's review of the police report from September 1, 2003

revealed that the baggies sold to the CI had orange emblems similar to the orange

emblems found on the 28 baggies obtained from Haygood's coat during the course of

his arrest on September 25, 2003.  While Terrence Police was holding Haygood's

jacket at the time Officer Ronan seized it, Ronan watched Mr. Police pick up the jacket

and had ample opportunity to observe that Mr. Police did not drop the 28 baggies into

Haygood's jacket.

Based on these facts, there was ample evidence to justify the issuance of a

search warrant for Haygood's residence, even if one assumes the CI lied or was

mistaken when he identified Haygood as "John" from the September 1, 2003 controlled

purchase.  Though there may be an argument that Haygood's theory of suppressing the search warrant based on a claim that he was not "John" was superior to Attorney Riccio's ultimate decision to argue that the CI did not exist, the controlling factor at this stage is that Haygood does not present a meritorious Fourth Amendment claim.  Thus, Haygood cannot demonstrate actual prejudice from his attorney's actions.  Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

> **B.      Haygood's Coerced Confession**

In his final claim for relief, Haygood states that the information he provided to the police when they took him back to the station after his September 26, 2003 arrest was coerced.  Haygood essentially claims that the officers forced him into answering their questions about where he lived by filing a baseless drug possession charge against him and failing to read him his rights.  Without that information, Haygood claims the police could not have obtained the search warrant.

To the extent that Haygood claims that his statements were taken in violation of his Miranda rights, the Court of Appeals has already ruled against Haygood on this issue, United States v. Haygood, 05-2365 at 3 (2d Cir. 2005), and Haygood raises nothing new here.  To the extent that Haygood is attempting to establish that his statements were involuntary, the Court of Appeals has already ruled that, even if Haygood's statements were removed from the warrant application, there still would have been enough information available to sustain probable cause.  Id. at 2.  Thus, the court rejects Haygood's argument that his allegedly coerced confession would invalidate the warrant.

## IV.    CONCLUSION

For the foregoing reasons, Haygood's motion (Doc. No. 1) is DENIED.  The clerk

is hereby directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23th day of January, 2007.


                         /s/ Janet C. Hall

                         Janet C. Hall
                         United States District Judge