UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHNNY HAYGOOD, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-cv-1569 (JCH) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | FEBRUARY 6, 2007 |

**RULING RE: PETITIONER'S MOTION PURSUANT TO ALTER OR AMEND JUDGMENT [Doc. No. 6]**

The petitioner, Johnny Haygood, brings this motion to alter or amend this court's prior Ruling (Doc. No. 5) denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Haygood brings this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, because Haygood's central claim is that this court overlooked factual evidence in its prior Ruling, the court finds that Haygood's motion is properly treated as a motion for reconsideration. For the following reasons, Haygood's motion is DENIED.

**I.    STANDARD**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered

evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

## II. DISCUSSION

The court has already outlined the facts and legal background relevant to Haygood's present claim. See Ruling, Doc. No. 3:06cv1569 (JCH) at 2-5 (Jan. 23, 2007). Haygood essentially asserts that this court erred in holding that his attorney did not render ineffective assistance of counsel by failing to challenge the existence of a drug sale between Haygood and a confidential informant ("CI") that allegedly took place on September 1, 2003. The CI's identification of Haygood as a participant in the September 1 drug sale constituted one of the bases for Haygood's arrest on September 25, 2003 and, more importantly, a search warrant issued for Haygood's home shortly thereafter. According to Haygood, this court overlooked the fact that the CI's lie necessarily tainted all the information that the CI later gave to the police.

The court finds that Haygood has not come forward with any facts that the court overlooked in its Ruling. To the contrary, the court explicitly dealt with the issue here raised by Haygood in concluding that, even assuming the CI lied, Haygood does not present a viable Fourth Amendment claim. Ruling at 8-9. Therefore, Haygood's Motion (Doc. No. 6) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of February, 2007.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge