UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHNNY HAYGOOD, : | |
|     Petitioner, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:06-cv-1569 (JCH) |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | April 5, 2007 |

**RULING RE: PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**
**(Doc. No. 10)**

Petitioner Johnny Haygood brings this motion requesting that the court issue a certificate of appealability with respect to its Ruling denying Haygood's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. See Haygood v. United States, 2007 WL 201242 at *5 (D.Conn. Jan. 23, 2007).

Under the Anti-terrorism and Effective Death Penalty Act ("AEDP"), "a certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). Because the court ruled on the merits of Haygood's motion, Haygood must now "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000); see also Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).

The court has already outlined the facts and legal background relevant to Haygood's present claim. See Haygood, 2007 WL 201242 at *1-2. In his request, Haygood essentially reasserts that his court-appointed trial counsel rendered ineffective assistance of counsel by failing to challenge the existence of a drug sale between

1

Haygood and a confidential informant ("CI") that allegedly took place on September 1, 2003. Because, as Haygood asserts, this drug sale never happened, there was no probable cause for the search warrant later issued on Haygood's home. This search warrant was based, in part, on the CI's September 23, 2007 identification of Haygood to the police as the other participant in the September 1 drug sale.

In its original Ruling, the court found that Haygood could not demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984) because Haygood did not present a viable Fourth Amendment claim. Haygood, 2007 WL 201242 at *5 (citing Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Though the court does not believe that it erred in denying Haygood's motions to vacate, or Haygood's motion for reconsideration, Haygood v. Untied States, (D.Conn. Feb. 6, 2007), "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner . . . ." Slack 529 U.S. at 484 (citations omitted). Therefore, Haygood's Motion for Certificate of Appealability (Doc. No. 10) is GRANTED. **SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of April, 2007.

                                                 /s/ Janet C. Hall
                                                 Janet C. Hall
                                                 United States District Judge